UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY CARMICHAEL,

        Petitioner,

                                  CASE NO. 12-15385
v.                                   HONORABLE JOHN CORBETT O'MEARA

CARMEN D. PALMER,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

     Petitioner Tracy Carmichael has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's Wayne County convictions for embezzlement, forgery, uttering and publishing, false pretenses, and second-degree money laundering.  Petitioner seeks habeas corpus relief on grounds that several witnesses committed perjury in court, he was deprived of his right to confront witnesses, and the prosecutor committed misconduct.  Respondent Carmen Palmer argues in a motion to dismiss the petition that Petitioner did not exhaust state remedies for his claims by presenting them to both the Michigan Court of Appeals and the Michigan Supreme Court.  The Court agrees.  Therefore, Respondent's motion to dismiss is granted, and the habeas petition is dismissed without prejudice.  A history of this case and a discussion follow.

## I.  BACKGROUND

On December 14, 2009, a Wayne County Circuit Court jury found Petitioner guilty of: embezzlement, MICH. COMP. LAWS § 750.174; four counts of forgery, MICH. COMP. LAWS § 750.248; four counts of uttering and publishing, MICH. COMP. LAWS § 750.249; false pretenses, MICH. COMP. LAWS § 750.218; and second-degree money laundering, MICH. COMP. LAWS § 750.411n.  The trial court sentenced Petitioner as a habitual offender as follows:  eleven to thirty years in prison for the embezzlement conviction; eleven to twenty-one years in prison for the forgery and uttering and publishing convictions; and ten to fifteen years in prison for the false pretenses and money laundering convictions.

In an appeal as of right, Petitioner argued that:  (1) the trial court did not comply with the requirements for waiver of the right to counsel; (2) he was deprived of the right to a public trial during jury selection; and (3) venue was improper for four of the charged crimes.  The Michigan Court of Appeals disagreed with each of these assertions and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion.  *See People v. Carmichael*, No. 296095 (Mich. Ct. App. Mar. 10, 2011).

Petitioner raised the same three claims and the following new claims in a *pro se* application for leave to appeal in the Michigan Supreme Court:  (1) several witnesses committed perjury in court; (2) he was denied his right to confront witnesses; (3) the prosecutor incited, suborned, and assisted witnesses in committing perjury; (4) the prosecution added charges and an aiding-and-abetting theory during trial; and (5) the prosecutor deprived him of due process and a fair trial by using false testimony, suppressing evidence, intimidating witnesses, amending the information, and misrepresenting the truth.  On September 6, 2011, the Michigan Supreme

2

Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Carmichael*, 802 N.W.2d 63 (Mich. 2011) (table).

Petitioner signed and dated his habeas corpus petition on December 4, 2012, and on December 7, 2012, the Clerk of the Court filed the petition. Petitioner alleges that: (1) several witnesses committed perjury in court; (2) he was denied his Sixth Amendment right to confront witnesses; (3) the prosecutor incited and suborned perjury; and (4) the prosecutor deprived him of his Fourteenth Amendment right to due process throughout the proceedings. Respondent points out in his motion to dismiss the petition that Petitioner raised these claims in the Michigan Supreme Court, but not in the Michigan Court of Appeals. Although Respondent urges the Court to dismiss the petition on exhaustion grounds, Petitioner has not filed a reply to Respondent's motion.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. This means that a habeas petitioner must present each issue to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)

3

(citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)).  "It is the petitioner's burden to prove exhaustion."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).  "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim."  *Wagner v. Smith*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Petitioner raised his habeas claims in the Michigan Supreme Court, but not in the Michigan Court of Appeals.  "For a claim to be reviewable at the federal level, each claim must be fairly presented at every stage of the state appellate process."  *Id*. at 418.  A claim raised for the first and only time on a petition to a state's highest court where review is discretionary and not a matter of right does not constitute "fair presentation" for purposes of the exhaustion requirement.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Exceptions to the exhaustion requirement exist when "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii).  These exceptions, however, do not apply here because Petitioner has an available remedy to exhaust.  He should be able to file a motion for relief from judgment in the state trial court under Michigan Court Rule 6.502.[1]  If he is unsuccessful in the trial court, he may apply for leave to appeal in the

---

[1] Pursuant to Michigan Court Rule 6.508(D)(2), a state court may not grant relief from judgment if the movant "alleges grounds for relief which were decided against the defendant in a prior appeal . . . unless the defendant establishes that a retroactive change in the law has undermined the prior decision."  The Michigan Supreme Court did not adjudicate the merits of Petitioner's claims on direct appeal; instead, it denied leave to appeal because it was not persuaded to review the issues.  Thus, Rule 6.508(D)(2) should not be a bar to presentation of Petitioner's claims in a motion for relief from judgment.

Michigan Court of Appeals, *see* Mich. Ct. R. 6.509(A); Mich. Ct. R. 7.203(B), and in the Michigan Supreme Court, *see* Mich. Ct. R. 7.301-302. Petitioner may have to show "good cause" for not raising his claims in the appeal of right and "actual prejudice from the alleged irregularities that support the claim for relief." Mich. Ct. R. 6.508(D)(3)(a) and (b). But he would have to make a similar showing here if the Court concluded that he no longer had an available remedy to exhaust. *See Rust v. Zent*, 17 F.3d at 160 (explaining that "[e]xhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue" and that, "[i]f no remedy exists, and the substance of a claim has not been presented to the state courts, . . . it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts").

### III. CONCLUSION

Petitioner has not satisfied his burden of proving that he exhausted state remedies for his claims by raising his claims at all levels of state court review.

Accordingly, Respondent's motion to dismiss (ECF No. 8) is **GRANTED**, and the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED** without prejudice. The Court declines to say whether a future habeas petition would be barred by the statute of limitations or by some other procedural default.

### IV. CERTIFICATE OF APPEALABILITY

Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court declines to issue a certificate of appealability. And because an appeal from this decision could not be taken in good faith, Petitioner may not

proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3).

s/John Corbett O'Meara<br>United States District Judge

Date: August 1, 2013

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 1, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager