UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY CARMICHAEL,

        Petitioner,

                                CASE NO. 12-15385
v.                              HONORABLE JOHN CORBETT O'MEARA

CARMEN D. PALMER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S POST-JUDGMENT MOTIONS

### I. Introduction

On December 7, 2012, petitioner Tracy Carmichael filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's state convictions for embezzlement, forgery, uttering and publishing, false pretenses, and second-degree money laundering. Petitioner sought habeas corpus relief on grounds that several trial witnesses committed perjury, he was deprived of his right to confront witnesses, and the prosecutor committed misconduct. Respondent Carmen D. Palmer argued in a motion to dismiss the petition that Petitioner did not exhaust state remedies for his claims by presenting them to both the Michigan Court of Appeals and the Michigan Supreme Court.

On August 1, 2013, the Court granted Respondent's motion and dismissed the habeas petition without prejudice. The Court noted that Petitioner raised his claims in the Michigan Supreme Court, but not in the Michigan Court of Appeals, and, because he still had an available remedy to exhaust, his claims were unexhausted.

Currently pending before the Court are several post-judgment motions. On August 2, 2013, Petitioner filed a motion for an order denying Respondent's motion to dismiss, a motion for an order allowing Petitioner to reply to Respondent's motion, and a motion for bond. These motions appear to have been drafted before Petitioner received the Court's opinion and judgment dismissing his case. On August 14, 2013, Petitioner filed a notice of appeal and two additional motions: a motion for reconsideration of the Court's opinion and judgment dismissing his habeas petition and a motion for a certificate of appealability.

## II.  DISCUSSION

### A.  The Motion for an Order Denying Respondent's Motion to Dismiss (Doc. 12)

In his first post-judgment motion, Petitioner asks the Court to deny Respondent's motion to dismiss the petition. Petitioner maintains that he exhausted state remedies by presenting his claims to the Michigan Supreme Court. However, as the Court pointed out in its dispositive opinion, a habeas petitioner who raises his claims for the first and only time in a petition to the state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Wagner v. Smith*, 414 (6th Cir. 2009) (explaining that exhaustion of state remedies requires the applicant to present his or her issues to the state court of appeals and to the state supreme court).

Petitioner argues in the alternative that circumstances exist which render exhaustion of state remedies ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(i) (stating that a state prisoner's habeas petition shall not be granted

2

unless "circumstances exist that render such process ineffective to protect the rights of the applicant"). In support of this argument, Petitioner states that he asked his appellate attorneys to raise his claims on direct review, but, because the transcripts were altered, his attorneys had a prejudicial view of his case and refused to raise the issues. Petitioner claims that he was unable to raise the claims in a *pro se* supplemental brief, because he lacked the necessary legal skills and had limited access to a law library.

The fact that Petitioner could not raise his claims in a *pro se* supplemental brief on direct appeal does not render the exhaustion process ineffective, because Petitioner still has a remedy. He can file a motion for relief from judgment in the state court, and, if the trial court denies his motion, he can appeal the trial court's decision to the Michigan Court of Appeals and to the Michigan Supreme Court.

Although Petitioner has asked the Court to hold his petition in abeyance if the Court concludes that his claims are not exhausted, the habeas petition has already been dismissed without prejudice. If Petitioner is unsuccessful in state court, he may file an amended petition and a motion to re-open this case, using the same case number that appears on this order. Petitioner's motion to deny Respondent's motion to dismiss (Doc. 12) is DENIED.

**B. The Motion for an Order Allowing a Reply to Respondent's Motion** (Doc. 13)

In his second motion, Petitioner asks for an order permitting him to reply to Respondent's motion. Petitioner alleges that the state court lacked jurisdiction over his case and the prosecution committed a fraud on the state court. He wants this Court to address the merits of his claims and to order his immediate release.

The Court declines to address the merits of Petitioner's claims because the exhaustion doctrine, while not a jurisdictional matter, is a threshold question that must be resolved before a court reaches the merits of any claim. *Wagner v. Smith*, 581 F.3d at 415. And even though the Court may deny a habeas petition despite the failure to exhaust state remedies, 28 U.S.C. § 2254(b)(2), federal courts generally may not grant a petition unless it appears that the applicant has exhausted available state remedies. 28 U.S.C. § 2254(b)(1). Because Petitioner has not exhausted an available state remedy, his Motion for an Order to Reply to Respondent's Motion (Doc. 13) is DENIED.

### C.  The Motion for Bond (Doc. 14.)

Petitioner's third motion is a motion for bond pending disposition of the habeas petition. The Court dismissed the habeas petition on August 1, 2013, and Petitioner's case currently is pending in the Federal Court of Appeals for the Sixth Circuit. Therefore, Petitioner's motion for release on bond pending a resolution of his claims in this Court (Doc. 14) is DENIED as moot.

### D.  The Motion for Reconsideration (Doc. 17)

In a motion for reconsideration of the Court's opinion and judgment dismissing the habeas petition, Petitioner alleges that his reply to Respondent's motion to dismiss the habeas petition was timely. The deadline for filing the reply was August 1, 2013, and Petitioner did not file his motion to deny Respondent's motion to dismiss until August 2, 2013. He claims, however, that he mailed his reply to the Court on July 30, 2013.

"Under the prison mailbox rule, a habeas petition is considered filed when the

4

prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 141 (2012). By extension, the rule applies to Petitioner's two post-judgment motions addressing Respondent's motion to dismiss. Petitioner claims that he submitted these motions to prison officials for mailing to the Court on July 30, 2013.

Even assuming that the motions filed on August 2, 2013, were filed in a timely manner, they mistakenly assert that Petitioner exhausted state remedies for his claims and that circumstances exist which render exhaustion of state remedies ineffective to protect his rights. Petitioner has not convinced the Court that it was misled by a "palpable defect" and that "correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3) (E.D. Mich. July 1, 2013). Consequently, Petitioner's motion for reconsideration (Doc. 17) is DENIED.

### E. The Motion for a Certificate of Appealability (Doc. 20)

In his fifth and final motion, Petitioner seeks a certificate of appealability. He contends that the Court rendered its dispositive decision without reviewing his timely reply to Respondent's motion and that reasonable jurists would find it debatable whether his habeas petition states a valid claim of the denial of a constitutional right.

While it is true that the Court dismissed the habeas petition without the benefit of Petitioner's motion to deny Respondent's motion to dismiss the habeas petition, Petitioner has not persuaded the Court that he exhausted state remedies or that state remedies are ineffective to protect his rights. When, as here, a district court

> denies a habeas petition on procedural grounds without reaching the

> prisoner's underlying constitutional claim, a [certificate of appealability] should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists would not find it debatable whether the Court's procedural ruling was correct or whether the habeas petition states a valid claim of the denial of a constitutional right.  Consequently, Petitioner's motion for a certificate of appealability (Doc. 20) is DENIED.

### III.  CONCLUSION

To summarize, Petitioner's post-judgment motions, including his motion for an order denying Respondent's motion to dismiss (Doc. 12), his motion for an order to reply to Respondent's motion (Doc. 13), his motion for release on bond (Doc. 14), his motion for reconsideration (Doc. 17), and his motion for a certificate of appealability (Doc. 20) are DENIED.

IT IS SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date:  October 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 24, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager